UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Docket No. |
| ) | 2:18-cr-130-1 |
| SAMIR DOSHI, ) | |
| Defendant ) | |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 NOV -2 PM 4: 33

CLERK

BY_____
DEPUTY CLERK

## INFORMATION

### COUNT ONE

The United States attorney charges:

In or about January 2018, in the District of Vermont and elsewhere, Defendant SAMIR DOSHI knowingly and willfully conspired with others, known and unknown to the grand jury, to distribute Tramadol, a schedule IV controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846)

1

## COUNT TWO

The United States attorney further charges:

On or about January 3, 2018, in the District of Vermont and elsewhere, Defendant SAMIR DOSHI did, with the intent to defraud and mislead, introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce a drug, namely Anastrozole, which, when introduced and delivered into interstate commerce, was misbranded within the meaning of Title 21, United States Code, Section 353(b)(1), in that it was a prescription drug dispensed without the prescription of a licensed medical practitioner and within the meaning of Title 21, United States Code, Section 352(f)(1), in that its labeling failed to bear adequate directions for use.

(21 U.S.C. §§ 331(a), 333(a)(2))

## FORFEITURE NOTICE

1. The allegation contained in Count One of this Information is realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841(a)(1) or 846, Defendant SAMIR DOSHI shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, $20,000 in U.S. currency.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

*Christina Nolan /JJB*
CHRISTINA E. NOLAN (JJB)
United States Attorney
Burlington, Vermont
Date: